ute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4647 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Lewis Ting vs. Chicago Mercantile Exchange, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand and for fees and costs is granted. Plaintiff should file a petition for fees and costs by or on 9/11/03. Status hearing set for 9/4/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 28 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEWIS C. TING, )
)
        Plaintiff, )
)
) No. 03 C 4647
v. )
)
CHICAGO MERCANTILE EXCHANGE, INC., )
)
        Defendant. )

DOCKETED
AUG 2 8 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Plaintiff Lewis Ting has filed a motion to remand this case to the Circuit Court of Cook County and for fees and costs pursuant to 28 U.S.C. § 1447. For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND

Ting filed a lawsuit against the Chicago Mercantile Exchange, Inc. ("CME") in the Circuit Court of Cook County on November 11, 2002. (R. 1-1, Notice of Removal, Ex. C.) On March 21, 2003, Plaintiff filed an amended complaint that facially contains two state law counts: racial discrimination under the Illinois Human Rights Act and retaliatory discharge. (*Id.*, Ex. A.) Ting also has filed a lawsuit against CME in federal court for racial discrimination under Title VII. During the proceedings in state court, Ting filed an opposition to the entry of a protective order ("Protective Order Response") on June 30, 2003. In that filing, Plaintiff stated in a footnote:

> It must be noted that Ting has a claim against CME also for racial discrimination under Title VII. State courts lack subject matter



> jurisdiction over such claim [sic], for which jurisdiction resides
> exclusively in federal court. For this reason, Ting shall move
> separately for voluntary dismissal of Count I of the amended
> complaint.

(R.1-1, Ex. B. at 6.) Defendant filed a motion in state court to dismiss Count I of Plaintiff's amended complaint on July 1, 2003. The next day, Plaintiff moved in state court to voluntarily dismiss that cause of action. Defendant removed the case to federal court on July 3, 2003. Plaintiff now asks this Court to remand the case back to the Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447.

## ANALYSIS

### I. Removal

Federal district courts are courts of limited jurisdiction. As such, the Court has original subject matter jurisdiction only over actions concerning federal questions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. If a party brings a cause of action that concerns a federal question into state court, a defendant may remove the case to federal court. See 28 U.S.C. § 1441. Whether a federal question exists is governed by the "well-pleaded complaint rule." That rule provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The party seeking removal of a case bears the burden of establishing the existence of a federal question. *See Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). When the existence of a federal question is in doubt, a court should resolved the issue of jurisdiction in favor of the state court. *Id.*

Both Plaintiff and Defendant agree that Count I of Plaintiff's amended complaint is facially a claim for racial discrimination under the Illinois Human Rights Act. Therefore, the complaint itself does not present a federal question. Defendant argues that Plaintiff's references to Title VII in his Protective Order Response imply that he is bringing Count I under Title VII. Plaintiff counters that his references to Title VII pertained to the separate suit that he filed in the Northern District of Illinois that is currently before Judge Gottschall.

Plaintiff's statements regarding Count I are clearly ambiguous. A reasonable reader could believe both interpretations. Given that ambiguity, the Court finds that Defendant has not met its burden of establishing the existence of a federal question. *See Allied Signal*, 985 F.2d at 911. The amended complaint specifically states that Count I arises under the Illinois Human Rights Act. The well-pleaded complaint rule mandates that this case be remanded back to state court.

Defendant next argues that the Court should retain jurisdiction over Ting's complaint even if Count I does not raise a federal question. A court may not exercise supplemental jurisdiction unless it "first has 'original jurisdiction' of the claim to which the state claims are attached." *Rifkin v. Bear Sterns & Co., Inc.*, 248 F.3d 628, 634 (7th Cir. 2001). Since there are no claims in the complaint raising a federal question, the Court may not exercise supplemental jurisdiction over Count II. Further, the Court would decline to exercise supplemental jurisdiction even if it were possible. There would be little-to-no gain in judicial efficiency, since the issues raised in this case are independent of those in the case before Judge Gottschall. Further, the state court has a more compelling interest in presiding over a state law claim. Accordingly, this case must be remanded back to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c).

## II. Fees and Expenses

Plaintiff asks for an award of attorneys' fees and expenses incurred as a result of the improper removal. Section 1447(c) allows for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award attorneys' fees is within the discretion of the court. *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999). As Defendant concedes, a finding of bad faith is not necessary for a court to award attorneys' fees. *Id.* Instead, Ting, as the prevailing party, is "presumptively entitled to recover the attorneys' fees incurred .... The rational of fee-*shifting* rules is that the victor should be made whole ...." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (emphasis in original) (internal quotation and citation omitted).

An award of fees and expenses is proper in this case. Plaintiff's complaint facially does not raise a federal question. Further, Plaintiff's statement about a Title VII claim in his Protective Order Response was clearly ambiguous as to which complaint Ting was referring. A reasonable reader would not jump to the conclusion that Plaintiff intended Count I to be a claim under Title VII. Instead, Defendant should have asked Plaintiff for a clarification that would have saved attorneys' fees and court intervention.

It appears from the facts leading up to the removal that Defendant was merely engaging in gamesmanship by filing for removal. Plaintiff had indicated to Defendant that he planned to dismiss Count I, and subsequently filed a motion to voluntarily dismiss that Count. Indeed, Defendant's notice of removal came after Plaintiff filed for voluntary dismissal of Count I. Despite knowing that Plaintiff had no intention of pursuing relief in Count I, Defendant attempted to bring this case to federal court based on that claim. Given the circumstances,

4

Defendant's attempt to remove this case was not grounded in a reasonable belief that this case involved a federal question. Accordingly, Ting is entitled to reasonable attorneys' fees and costs.

## CONCLUSION

Defendant improperly removed this action from state court. Plaintiff's Amended Complaint does not facially raise a federal question and his Protective Order Response does not show otherwise. Given the fee-shifting purpose of Section 1447(c) and the timing of Defendant's filing its notice of removal, the Court finds an award of reasonable attorneys' fees and costs to be appropriate. Accordingly, the Court grants Plaintiff's motion to remand and for fees.

Dated: August 27, 2003

ENTERED:

_____
AMY J. STEEVE
U.S. District Court Judge